EINHORN FROSCH CO. v. GANS et al.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

TRIAL ⊚⟳29—CONDUCT OF COURT—REMARK AS TO TESTIMONY.

 Where the plaintiff's principal witness was being examined as to his statement in a previous litigation, contradictory of his present testimony going to the root of plaintiff's claim, and the judge stated substantially, in the presence of the jury, that the previous statement was entitled to no weight, because the witness evidently never knew what he was talking about or signing, and would, through his ignorance of English at the time of his examination, be willing to sign any statement prepared for him, such statement by the court was error, invalidating the verdict.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. ⊚⟳29.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Einhorn Frosch Company against Joseph Gans and others. From a judgment for plaintiff, and an order denying their motion for new trial, certain defendants appeal. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Alex B. Greenberg, of New York City, for appellant Scheinberg. .
Abraham Davis, of New York City, for appellant Gans.
Joseph & Alvin T. Sapinsky, of New York City (Alvin Theo. Sapinsky, of New York City, of counsel), for respondent.

BIJUR, J. Disregarding many immaterial circumstances, the substantial facts involved in this case are that plaintiff sold its business to defendant Ray Scheinberg for $1,800; that Joseph Gans and Abraham Scheinberg consummated the transaction with plaintiff by paying it $1,400, the remaining $400 to be held in escrow until certain possible claims of creditors of the plaintiff should be disposed of. The present controversy is confined to the matter of this escrow.

⊚⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Plaintiff claims, in substance, that defendants, and particularly the defendant Joseph Gans, withheld $400 out of the purchase price in cash, and agreed to hold that amount in escrow. Defendants claimed that the escrow was placed in the hands exclusively of defendant Abraham Scheinberg, and that the subject thereof was not $400 in cash, but consisted of a check signed by defendant Ray Scheinberg, per Abraham Scheinberg, as her attorney in fact; such check being made to the order of plaintiff. Defendants introduced in evidence, without objection, a receipt, or rather a certificate, signed by the defendant Abraham Scheinberg, to the effect that he had received and held in escrow the check above described.

There was a sharp conflict of evidence on every material fact, and particularly as to the circumstances of the signing of this certificate and whether it was made known to plaintiff or not, between the two witnesses on behalf of the plaintiff (who participated in the transaction) and the defendants, respectively. That conflict properly presented an issue for the determination of the jury, and their conclusion might be left undisturbed, were it not for the following occurrence at the trial:

It was brought out that defendant Abraham Scheinberg instituted an action of interpleader against his wife, Ray Scheinberg, and the plaintiff to determine what disposition he should make of the $400 check. In that action plaintiff interposed an answer verified by Abraham Frosch, who constituted the real party in interest in the plaintiff corporation, in which the plaintiff, then defendant, said:

"That thereupon the said Gans suggested that the balance of $400 should be left with him in cash, so that in case any difficulties should arise regarding the title to said property (which said Gans stated to these defendants might happen if there were any indebtedness of the vendor because the whole stock was sold in bulk) there would be a fund to protect the purchaser. That thereafter said Gans changed this proposition, and suggested instead thereof that a check should be substituted for the $400 in cash."

When A. Frosch, the plaintiff's principal witness, was confronted with this statement in plain contradiction of his present contention, and was being interrogated thereon, the following took place:

"The Court: I think I have given you latitude enough now. You are not going to retry any case that was tried in the Supreme Court. The only question here is, Was there a fraud committed upon this plaintiff on the 3d or 4th day of February? and I do not care what took place in 1915 in an action in the Supreme Court. You can go into it to some extent for the purpose of his credibility, and I think we have allowed latitude enough here. It is quite evident that this man does not speak English, and does not understand half of what is going on here. He really does not know what is going on here at the present time to any great extent. You can tell that some questions he does not understand, and I think we have gone far enough. Let us try the case on its merits, and find out if there was any fraud committed on that defendant or not. If there was, of course, the parties who committed it are responsible for it.

"Defendants' Attorney: I will contradict him by statements that he made in that answer.

"The Court: It is quite evident he might make any kind of statement. It is up to the counsel to draw the answer. I could draw an answer for this man now, and he would verify it. He would rely upon my statement. The jury will take into consideration both for and against him; it is quite clear that

the man speaks broken English, and is not aware of the ways of the people here, and he does not know what is going on now.

"Defendants' Attorney: I take exception to your honor's characterizing remarks."

While it may be quite proper for the court to limit a cross-examination, particularly upon a mere matter of a witness' prior contradictory statements, which go to impeach his credibility, it is to be noted, in the first place, that the witness, who was being interrogated, was, in substance, the plaintiff in this action, and that his contradictory statement in the previous litigation went to the very root of his present claim. But the determining consideration is that the remarks of the learned judge below amounted substantially to a statement, in the presence of the jury, that the previous contradictory statement was entitled to no weight, because the witness evidently never knew what he was talking about or signing, and would at the very instant of his examination be willing to sign any statement prepared for him. Under such circumstances, which require no further comment, the verdict cannot stand.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event, and appeal from order dismissed. All concur.